**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**<u>Ntaku Manzungu Arca</u>**

       v.                                       Case No. 26-cv-275-PB-AJ

**<u>Amy Boncher, Regional Director,</u>**
**<u>FCI Berlin, et al.</u>**

**<u>ORDER</u>**

Ntaku Manzungu Arca filed the instant petition for a writ of habeas corpus on April 9, 2026. Doc. 1. This Court subsequently ordered the government to show cause why I should not grant Arca's petition to the extent of affording him a bond hearing under 8 U.S.C. § 1226(a), based both on his apparent membership in the class certified in <u>Guerrero Orellana v. Moniz</u> and his similarity to the petitioner granted such relief on procedural due process grounds in <u>Destino v. FCI Berlin</u>. Doc. 2 (citing 2025 WL 3687757, at *10-11 (D. Mass. Dec. 19, 2025) and No. 25-cv-374, Doc. 9 (D.N.H. Dec. 24, 2025)).

The government has filed a response to my order in which it concedes that Arca would receive the same result as the petitioner in <u>Destino</u> were that case's reasoning applied here. <u>See</u> Doc. 4. While the government gestures to certain arguments related to that authority—which it remains free to invoke

in future cases notwithstanding the result of this case—it has not substantively developed those arguments here and thus has not shown cause for Arca's continued detention without a bond hearing.

Accordingly, because I agree with the Court's reasoning in <u>Destino</u>, the government is hereby ordered to afford Arca a bond hearing under 8 U.S.C. § 1226(a) as soon as practicable. If the government fails to comply, I will grant the writ and set appropriate terms and conditions for Arca's release during the pendency of his removal proceedings myself.

The government shall file a status report within fourteen days.

SO ORDERED.

/s/  Paul Barbadoro
Paul J. Barbadoro
United States District Judge

April 16, 2026

cc: Counsel of Record

2